IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Darnell Scott, ) | C/A No. 0:12-2061-RBH-PJG |
| Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| William R. Byars, *SCDC Director*, ) | |
| Respondent. ) | |

The petitioner, James Darnell Scott ("Petitioner"), a self-represented state prisoner, brings this action pursuant to 28 U.S.C. § 2254. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at Lieber Correctional Institution of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner is serving concurrent sentences of thirty (30) years for murder and armed robbery, after pleading guilty in Berkeley County General Sessions Court on October 10, 2000. (Pet. ¶¶ 1-5; ECF No. 1 at 1.) Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Petitioner has previously filed a § 2254 habeas petition in this court in Scott v. Ozmint, C/A No. 9:05-cv-2008-HFF-GCK, on July 28, 2005.[1] In C/A No. 05-2008 Respondent's motion for summary judgment was granted on January 31, 2006. (C/A No.

---

[1] The court takes judicial notice of Petitioner's prior proceedings in this district and circuit. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

PJG

05-2008, ECF Nos. 21, 22.) Petitioner appealed the judgment to the United States Court of Appeals for the Fourth Circuit, which dismissed his appeal on September 8, 2006. (C/A No. 05-2008, ECF Nos. 26, 27.) Petitioner alleges that the grounds raised in his previous federal habeas petition were: "ineffective assistance of counsel[;] conviction obtained by violation of the privilege against self-incrimination[;] conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily." Petitioner alleges that he currently has another state court PCR application (which appears to be either Petitioner's fourth or fifth PCR application) pending in Berkeley County Common Pleas Court, in C/A No. 2012-CP-08-273, in which Petitioner alleges that his "PCR procedure was defective and deprived applicant of due process of law." (ECF No. 1 at 12.)

In the instant § 2254 Petition Petitioner raises three grounds: (1) ineffective assistance of counsel at plea proceeding; (2) guilty plea not voluntary and knowing; (3) applicant was denied due process due to numerous procedural irregularities and ineffective assistance of PCR counsel. (See ECF No. 1 at 5, 6, 8.) Petitioner alleges:

> Applicant has raised the involuntariness of the plea and the ineffective assistance of Counsel from the beginning but these issues have not been fully presented, heard and determined. Applicant has been denied fair process and the opportunity to comply with state and federal procedures and obtain an adjudication on the merits of his claims due to ineffective assistance of PCR counsel . . . .

(ECF No. 1 at 8.) As to the timeliness of this Petition and the applicability of the one-year period of limitation on filing a § 2254 petition, in 28 § U.S.C. 2244(d), Petitioner alleges:

> The one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar my petition because: (1) The original Federal Petition was timely filed, issues contained herein were presented but dismissed for Technical Procedural reasons in the original Federal Petition. (2) Counsel in my initial-review collateral Proceeding was ineffective Pursuant to Martinez v. Ryan, 566 U.S. __ (2012) Inadequate assistance of Counsel at initial review

collateral proceeding may establish cause for a prisoner's Procedural default. The issues raised in here could and would have been timely raised had initial review Collateral Proceeding Counsel rendered adequate assistance in presenting and preserving the issues for review.[2]

(ECF No. 1 at 13.) Petitioner seeks a "federal evidentiary hearing to determine whether applicant is entitled to a new trial or should be allowed to plead anew." (ECF No. 1at 14.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the

---

[2] On March 20, 2012, the United States Supreme Court decided the case of Martinez v. Ryan, 132 S. Ct. 1320 (2012), holding that, in states like South Carolina, "where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 132 S. Ct. at 1320.



petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The Petition filed in this case should be summarily dismissed because it is a successive § 2254 petition and there is no indication that Petitioner requested and received permission from the United States Court of Appeals for the Fourth Circuit before he submitted it to this court. The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997); Latimer v. Warden, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010).

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. See In re Vial, 115 F.3d 1192, 1194 (4th

Page 4 of 8



Cir. 1997). Under the nti-Terrorism and Effective Death Penalty Act of 1996, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) without first receiving permission to do so from the appropriate circuit court of appeals. See In re Vial, 115 F.3d at 1194.

Because Petitioner has previously filed a § 2254 habeas petition attacking these same convictions and sentences, which was adjudicated on the merits in this court, Petitioner's arguments are properly addressed to the Fourth Circuit in a motion for authorization to file a successive petition.[3] A court of appeals may authorize a successive petition if "the factual predicate for [a] claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). A court of appeals may also authorize a successive petition if a claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). Petitioner's reference to Martinez indicates that he is asserting that Martinez is considered to have established a new rule of constitutional law made retroactive to cases on collateral review, a proposition for which Petitioner offers no authority.

In any event, Petitioner's allegations and arguments, even if correct, do not establish that the present Petition is not "successive." If any of a petitioner's habeas claims have

---

[3] See Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits).



been adjudicated on the merits, a subsequent petition attacking the same sentence is necessarily "successive" unless it challenges some defect that arose after the sentence. See Burton v. Stewart, 549 U.S. 147, 154-56 (2007) (per curiam); Leal Garcia v. Quarterman, 573 F.3d 214, 224 (5th Cir. 2009). In the absence of authorization by the Fourth Circuit, this court lacks jurisdiction to hear a successive petition. See Burton, 549 U.S. at 152. The Fourth Circuit—not this district court—is the proper tribunal to make the decision when authorization for a second or successive § 2254 habeas petition is requested.

Thus, the threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts by obtaining authorization from the Fourth Circuit to file this action. See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) (stating that the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"); In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). It is clear on the face of the instant Petition that such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this court to consider this second § 2254 petition has not been issued by the Fourth Circuit. Consequently, this district court has no

Page 6 of 8

*PJG*

been adjudicated on the merits, a subsequent petition attacking the same sentence is necessarily "successive" unless it challenges some defect that arose after the sentence. See Burton v. Stewart, 549 U.S. 147, 154-56 (2007) (per curiam); Leal Garcia v. Quarterman, 573 F.3d 214, 224 (5th Cir. 2009). In the absence of authorization by the Fourth Circuit, this court lacks jurisdiction to hear a successive petition. See Burton, 549 U.S. at 152. The Fourth Circuit—not this district court—is the proper tribunal to make the decision when authorization for a second or successive § 2254 habeas petition is requested.

Thus, the threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts by obtaining authorization from the Fourth Circuit to file this action. See In re Williams, 364 F.3d 235, 238 (4th Cir. 2004) (stating that the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals"); In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). It is clear on the face of the instant Petition that such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order making the required determination to authorize this court to consider this second § 2254 petition has not been issued by the Fourth Circuit. Consequently, this district court has no

Page 6 of 8

*PJG*

jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court murder and armed robbery convictions and sentences in this court.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without requiring Respondent to file a return. It is also recommended that the District Court deny a Certificate of Appealability.[4]

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 14, 2012
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

---

[4] See Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Denial of a certificate of appealability does not prevent Petitioner from seeking permission to file a successive petition, or pursuing his claims after obtaining such permission.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).