IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JAMES DARNELL SCOTT, ) | Civil Action No.: 0:12-cv-02061-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WILLIAM R. BYARS, SCDC ) | |
| DIRECTOR, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner James Darnell Scott, a state prisoner proceeding *pro se*, initiated this action by filing his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss Petitioner's petition *without prejudice* and without service of process as successive.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is serving two concurrent thirty-year sentences for murder and armed robbery after pleading guilty in Berkeley County General Sessions Court on October 10, 2000. After exhausting his state post-conviction remedies, Petitioner filed a § 2254 petition in July 2005. Ultimately, that petition was denied when the Court granted summary judgment against Petitioner. *See* Order, Scott v. Ozmint, No. 05-cv-02008-HFF (D.S.C. Jan. 30, 2006). The petition was

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rs. Governing § 2254 Cases in the U.S. Dist. Cts. 4.

addressed on the merits after the Court determined Petitioner had properly exhausted his state post-conviction remedies. *Id.*

The petition currently before this Court was filed on July 23, 2012. Petitioner raises three grounds: (1) that his plea counsel was ineffective, (2) that his guilty plea was not voluntary and knowing, and (3) that he was denied due process due to numerous procedural irregularities and the ineffective assistance of post-conviction relief counsel. After an examination of the petition, the Magistrate Judge issued her R&R on September 19, 2012, recommending that the Court dismiss the petition as successive because Petitioner never sought leave from the Fourth Circuit. R&R, ECF No. 8. Petitioner filed objections to the R&R on October 10, 2012. Pet'r's Objs., ECF No. 10.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in

2

order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends dismissing Petitioner's petition without requiring Respondent to file a return, concluding that the petition was successive and that Petitioner failed to obtain authorization from the Fourth Circuit. In his objections, Petitioner contends his § 2254 petition is not successive because several "constitutional" claims in his initial petition were never adjudicated on the merits. He asserts those claims were part of an amended petition that was denied by the Court at the same time summary judgment was granted against him. Moreover, Petitioner argues his claims are not successive because "the current Petition challenges some defects that occurred within the course of his collateral review process that arose after the sentence."[2] Pet'r's Objs. 4.

Contrary to Petitioner's objections, his initial petition was decided on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485-489 (1999) (reasoning that a successive petition is one filed after an initial petition was determined on its merits). Therefore, the petition currently before this Court is successive, and there is no evidence showing that Petitioner obtained leave from the Fourth Circuit for this Court to consider a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Without authorization to hear Petitioner's successive petition, the Court finds no error in the Magistrate Judge's recommendation.

---

[2] The Court notes that Petitioner, who asks this Court for a new trial, may not raise "ineffectiveness or incompetence of counsel *during Federal or State collateral post-conviction proceedings*" as "a ground for relief." 28 U.S.C. § 2254(i) (emphasis added). Any other "defects" were reviewable on the direct appeal of his initial petition and are not appropriate for a successive petition.

3

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### CONCLUSION

The Court has thoroughly analyzed the entire record, including the § 2254 petition, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules all of Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that the § 2254 petition is **DISMISSED** *without prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

December 11, 2012
Florence, South Carolina

5